## ESTES v. RUTLEDGE et al. (No. 6935.)

(Court of Civil Appeals of Texas. San Antonio. April 18, 1923. Rehearing Denied May 16, 1923.)

1. Evidence ⬤⟳420(2)—Landlord and tenant ⬤⟳129(3)—Admitting testimony to show tenant was occupying property under lease, which lessee was required to discharge as condition to right to use premises, held not error.

In an action for damages for being denied possession of rented premises under assignment of lease from defendant, permitting testimony that B. was occupying property under the very lease that defendant was obligated to discharge as a condition precedent to his right to occupy the leased premises, and that B. could renew the lease, held not error, where defendant was well informed of the facts, and the testimony in no way varied the written lease assigned to plaintiff.

2. Landlord and tenant ⬤⟳127—Where taking effect of lease was conditioned upon retirement by lessee of outstanding lease, lessor held to have right to remove outstanding lease, where it was not retired.

Where, as a condition to the taking effect of a lease, the lessee was obligated to purchase and retire the outstanding lease held by tenant B. and surrender that lease to the lessor, the contract contemplated that the outstanding lease would be retired and that, if not retired, the lessor had a right to assume it would not be, and to renew the lease to B. in accordance with his obligation to B. to do so.

3. Husband and wife ⬤⟳210(2)—Directing verdict for plaintiff husband held not error, though money sought to be recovered was paid by wife out of her separate property.

Where, in an action by the husband to recover $700 paid to defendant for an assignment of a lease to plaintiff and his wife, the petition disclosed that plaintiff's wife paid the money for the lease, thus recognizing and confirming in her as her separate property and estate the sum of money sought to be recovered, and plaintiff did not sue in his own name claiming any interest therein adverse to his wife, nor in behalf of the community estate, it was not error, in view of Rev. St. art. 1839, when instructing the jury to direct a verdict for plaintiff husband.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by J. L. Rutledge against John W. Estes and others, in which action defendant Estes pleaded a cross-action against codefendants Fort Worth Chamber of Commerce and George T. Reynolds. From a judgment for plaintiff against defendant Estes, and in favor of codefendants against defendant's cross-action, Estes appeals. Affirmed.

Ocie Speer and H. D. Payne, both of Fort Worth, for appellant.

W. C. Prewitt, Capps, Cantey, Hanger & Short, Alfred McKnight, and W. B. Paddock, all of Fort Worth, for appellees.

COBBS, J. This suit was instituted by J. L. Rutledge, appellee, suing J. W. Estes and the Fort Worth Chamber of Commerce and G. T. Reynolds, appellees, for the return of $700, which Bessie Rutledge paid to J. W. Estes in consideration of the assignment of a lease to her and her husband, executed by George T. Reynolds to the Chamber of Commerce, and by it assigned to J. W. Estes, who in turn assigned same to J. L. and Bessie Rutledge for the said

sum of $700; they having been denied the possession of the alleged rental premises and for damages for $2,000.

J. W. Estes answered by general demurrer, misjoinder of parties, and pleading, by way of cross-action against Fort Worth Chamber of Commerce and George T. Reynolds, that George T. Reynolds leased the house to the Chamber of Commerce, containing a clause for subleasing, who in turn leased it to him, and he accepted same with that clause in the contract and had given up offices he had occupied as additional consideration for the lease, and before the commencement of the term transferred the same to appellees Rutledge, and that, if any sum was recovered against him, he recover over against Chamber of Commerce and George T. Reynolds the same amount.

The Chamber of Commerce, after special exceptions and general denial, pleaded that appellant, Estes, approved the lease, and, based upon his approval, transferred the contract to appellant, thus having kept its covenants, was no longer concerned with what afterwards happened.

Rutledge, appellee, after special exceptions, general denial, among other things, pleaded a specific provision in the lease that appellant was required to purchase the outstanding lease to Vera Blackwell, who was then in possession of the premises under an outstanding lease, that the Chamber of Commerce never tendered any lease money, and had abandoned the lease.

The cause was tried by a jury, and after hearing the evidence the court gave a peremptory instruction to the jury to find against the defendant Estes for $700, in favor of J. L. Rutledge, and in favor of all appellees against appellant's cross-action.

The Chamber of Commerce, desirous of assisting an oil company to secure desirable quarters in Fort Worth, undertook to rent from appellant offices occupied at that time by appellant for that purpose, to the oil company, upon condition that other suitable quarters be secured for appellant which the Chamber of Commerce undertook to do for him and secured a lease from George T. Reynolds to itself of suitable and satisfactory quarters for appellant, which lease it duly assigned to appellant. This lease contained a clause giving the right of the lessee "to sublet and underlease the premises herein described without the consent of the lessor or without written notice," but did not in terms extend that right to sublessees. The lease also contained a provision "conditioned that the lessee will purchase and retire the outstanding lease on the premises 'described herein now held by Mrs. Vera F. Blackwell, and will surrender said lease to the lessor before this lease or any rights hereunder shall become effective." No effort was made to purchase the lease as aforesaid, before its expiration, so it was renewed to her by

252 S.W.—15

Reynolds. Appellant knew of the existence of this lease and made no effort whatever to secure it from her. Appellant never undertook to secure and occupy said leased premises, but secured other quarters, and transferred the said lease from the Chamber of Commerce to J. L. and Bessie Rutledge. The provisions of the rental clauses material for consideration here are as follows:

"The lease in controversy was executed on the 12th day of June, 1919. The lease contained the following provision:

"'It is especially agreed and understood between the parties hereto that the lessee shall have a right to sublet and underlease the premises herein described without the consent of the lessor or without written notice to him for purposes not more ·hazardous from fire hazard standpoint.'

"After the execution of the lease, and on the 13th day of June, 1919, appellee Fort Worth Chamber of Commerce and appellant, Estes, made the following agreement:

"'In consideration that J. W. Estes will vacate rooms 504 and 505, Burkburnett building, on or before June 18th, the Fort Worth Chamber of Commerce hereby transfers ·this lease, reserving the right to rent or take possession of the premises if said J. W. Estes shall fail to pay the rent and keep the covenants contained in said lease. Fort Worth Chamber of Commerce agrees further to pay for moving the said J. W. Estes from the Burkburnett building, the sum not to exceed $75.'

"On the 11th day of March, 1920, appellant, Estes, executed the following assignment to J. L. and Bessie Rutledge:

"'State of Texas, County of Tarrant. For and in consideration of the sum of seven hundred ($700.00) dollars cash in hand paid, the receipt of which is hereby acknowledged, I, J. W. Estes, the owner and holder of this lease from George T. Reynolds to the Fort Worth Chamber of Commerce and by it transferred to me on the 13th day of June, A. D. 1919, do hereby transfer and assign and deliver to J. L. and Bessie Rutledge said lease, subject to all the conditions of said lease, and I hereby guarantee to deliver possession of the premises described in said lease to the said J. L. and Bessie Rutledge on or before the 1st day of May, A. D. 1920, on which date the. lease now held on said premises by Vera Blackwell will expire. Witness my hand at Fort Worth, Texas, this the 11th day of March A. D. 1920.

"'[Signed]     J. W. Estes.'"

The original lease "is further conditioned that the lessee will purchase and retire the outstanding lease on the premises described herein now held by Vera F. Blackwell and will surrender said lease to the lessor before this lease or any rights hereunder shall become effective."

[1] There was no error committed in permitting the testimony that Mrs. Vera Blackwell was occupying the property under the very lease contract the appellant was obligated to discharge as a condition precedent

to his right to the contract and to use and occupy the leased premises, and that she could renew the lease. Appellant was well informed of the facts, and such testimony in no way changed, varied, or contradicted the written instrument. The assignment is overruled.

[2] It was not known at the time the lease was given to the Chamber of Commerce that appellant was contemplating making an assignment then to Rutledge and wife and receive a cash bonus consideration, or that the Vera Blackwell lease was not purchased, retired, surrendered, or tendered to the appellee by the Fort 'Worth Chamber of Commerce, Estes, Rutledge, or any other person. This was contemplated and indeed a part of the contract. After waiting, say nine months, this lease was not retired, and appellee had the right to assume it would not be and had the right to renew the lease to Vera Blackwell as the fulfillment of his obligation with her and the others, which was done before the transaction between Estes and Mr. and Mrs. Rutledge. There is no merit in favor of Estes on his cross-action against Reynolds or the others.

The facts are that the $700, was actually paid to Estes, and the recovery from him was to return the money he had received for property he could not and did not deliver the possession of.

[3] Appellant contends that the court erred in instructing "a verdict for the plaintiff J. L. Rutledge against the defendant John W. Estes, for $700," for the reason, as appears, Mrs. Rutledge testified it was her "$700 that bought the lease to run the hotel. It was my separate property" and the suit was in the husband's name alone. Under the provisions of article 1839, R. S., "the husband may sue either alone or jointly with his wife for the recovery of any separate property of the wife." It is undisputed here that the money was the separate property of the wife. Her husband asserted no claim to it, but on the contrary his petition disclosed that his wife paid, on March 11, 1920, to appellant the sum of $700 in cash, thereby if necessary recognizing and confirming in her as her separate property and estate such sum of money, and it does not lie in the mouth of appellant to gainsay it. Rutledge did not sue in his own name, claiming any interest therein adverse to his wife, nor in behalf of the community estate. This assignment is overruled.

The facts clearly disclose no legal liability in favor of appellant against the Chamber of Commerce, nor the other appellees.

A careful consideration of this case satisfies us that substantial justice has been administered, and, there being no reversible errors assigned the judgment of the trial court is affirmed.